UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
IN RE:                                              Chapter 7  Case 08-72840

MOHAMMED P. SHAIKH

        Debtor,

--------------------------------------------------------X          Adv. 8-09-08315-ast
R. KENNETH BARNARD, as trustee of
Estate of Mohammer P. Shaikh,

            Plaintiff,

    --against—

MOHAMMED ARIF and

LAILUN N. SHAIKH
                Defendants.

--------------------------------------------------------X

### Right to Jury Trial Demanded and Reserved for Other Claims

    Affirmation in support of the motion to dismiss First Claim of Relief

Karamvir Dahiya of Dahiya Law Offices LLC appearing for the defendants respectfully submit the following in support of dismissal:

1. This motion is being filed under Federal Rules of Civil Procedure 12 (b)(6) as incorporated under Federal Rules of Bankruptcy Procedure Rule 7012.  The debtor filed bankruptcy on May 30, 2008.

2. The trustee commenced the aforesaid proceeding by filing a complaint with six claims of relief.

3. All claims have been brought under the strength of so called recovery of the estate property. More specifically, the paragraph one of the complaint states in unequivocal terms i.e. "This Adversary . . . to recover property of the estate, which has been wrongfully conveyed to the defendants."

4. First Claim of Relief as agitated demands a relief pursuant to Section 542 of the bankruptcy Code as the alleged basis is that the Debtor's interest in the property (a real property) which was allegedly transferred in 2005 is property of the estate.

5. The plaintiff in their request for judgment on this claim prays that, ' On the first claim for relief, under §541 and 542 and of the Bankruptcy Code: (a) in an amount as yet undermined, but in no even less than $54,500; (b) directing the Defendants to immediately turnover the Debtor's interest in Real Property; and (c) for a full and complete accounting of Christine's use of Real Property."

6. The foregoing claim has no basis in law and thus is amenable to dismissal.

7. Section 542 of the Code only turns over the property of the estate and Section 541 defines what is property of the estate.

8. The alleged transfer is not property of the estate and thus there cannot be turn over issue here.

9. Second Circuit has held that fraudulently transferred property that the trustee has not yet recovered does not constitute property of the estate under §541(a)(1). <u>FDIC v. Hirsch (In re Colonial Realty Co.)</u> 980 F.2d 125, 131 (2nd Cir. 1992).

a. The In re Colonia Realty Co. court reasoned that considering fraudulently transferred property to be property of the estate under §541(a)(3) prior to its recovery would render §541(a)(3) superfluous. In other words, including fraudulently transferred property under §541(a)(1) prior to its recovery on the grounds that the debtor retained an equitable interest in the property renders §541(a)(3)—which makes any interest in property that the trustee recovers property of the estate—"meaningless with respect to property recovered pursuant to fraudulent transfer action. Id. At 131 (quoting In re Saunders, 101 BR 303, 305 (Bankr. N.D. Fla. 1989).

b. Expanding the term 'equitable interest' and 'recovers' to cover purportedly fraudulent transferred property would run afoul of the golden rule of interpretation.

c. When there is a specific remedy given, the general provisions related are subordinated to the specific ones. The concept of debtor's interest, to be constituting a part of the estate must be met through specific remedies of fraudulent transfers action like Section 544(b) using state laws etc.

10. Federal procedural laws is very clear that a defendant may object to the plaintiff's complaint for failing to state a claim on which relief can be granted by filing a motion to dismiss. Fed. R. Civ. P. 12(b)(6). This motion to dismiss is apt when the plaintiff statements for claim of relief

suffers legal infirmity. See *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The movant here is not resolving the facts or merits of the case, but purely moving to show this claim of relief cannot pass muster under any set of facts supporting relief. *Bolen v. Dengel (In re Dengel),* 340 F.3d 300, 312 (5th Cir. 2003) .

11. It is clear that dismissal can be based on an affirmative defense or other bar to relief apparent from the face of the complaint. *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) . Further dismissal can also be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984).

12. Relief sought on "First Claim of Relief" must be dismissed for aforesaid reasons.

13. The undersigned has met the burden of proof. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

14. It is unclear if the attorney for the chapter 7 trustee was paying attention while drafting this adversary complaint. The trustee is asking for accounting of Christine use of the Real Property. We don't know who this Christine is—there is no member in the family with this name. Such intercalations are indicative of lack of proper thinking and attention to the issues.

15. This complaint has some dramatic projection and trustee is abusing strong arm provisions of Chapter 5 of the Code. Arbitrary value of $600,000 has been imputed to the property without any basis to harass and wrest some offer from the debtor or family.

4

16. The trustee was told that the debtor had never given any downpayment towards the purchase of the property and not even a single mortgage payment. His name was put to encourage him to work hard and so that he could contribute something to the joint household or towards the mortgage. Despite best efforts by the family to settle him, he could not do so. The debtors own family members had given him more then $50,000 to help him in business. It is a joint family where all the members of the family live together. I had asked the family members to provide me with the proof of down payment which are now in my possession to show that not even a single penny came from the debtor. The debtor failed in the business and now is a tax driver and contributes at present monies around $400 to $600.

17. Trustee despite all this knowledge has embarked upon a misadventure.

18. Trustee could have requested my office for proofs of payment etc. or other documentation, but he chose to not to do so.

19. We would request sanction and cost of defending this action.

Wherefore, it is respectfully requested that the motion requesting the dismissal of the 'First Claim of Relief' of the Complaint be granted with costs.

Dated: August 21, 2009
New York New York                    sincerely,
                                       *s/karamvir dahiya*
                                       _____
                                       Karamvir Dahiya for Def.