UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:                                            Chapter 7 Case 08-72840

MOHAMMED P. SHAIKH

       Debtor,

-----------------------------------------------------------X        Adv. 8-09-08315-ast
R. KENNETH BARNARD, as trustee of
Estate of Mohammer P. Shaikh,

       Plaintiff,

   --against—

MOHAMMED ARIF and

LAILUN N. SHAIKH
       Defendants.

-----------------------------------------------------------X

## A brief note on the right to jury trial by Defendants.

Karamvir Dahiya of Dahiya Law Offices LLC respectfully submit the following in support of a motion to request withdrawal of reference.

1.  The debtor sought bankruptcy protection on May 30, 2008.

2.  The debtor allegedly had abandoned his interest in the property bearing address 94-50, 238th Street, Floral Park, New York 11001 on March 23, 2005. This property is debtor's prime residence.

3. Defendants are also residing in the same premise and they are owners of the property. Ms. Lailun N. Shaikh is mother of the debtor and Mohammad Arif is the elder brother and a *karta* (manager) of the family. It is a joint family.

4. We request withdrawal of reference. The bankruptcy jurisdictional provisions provide that after the initial referral to the bankruptcy court, a bankruptcy proceeding or even the bankruptcy case itself in whole or in part, may be withdrawn back to the district court. 28 USC §157(d).

5. This motion for withdrawal is properly addressed to the District Court pursuant to Fed. R. Bankr. P. 5011(a).

6. The defenants have requested a jury trial. The Supreme Court has held that under the Seventh Amendment, a defendant in a preference or a fraudulent conveyance action who has not filed a claim against the estate retains the right to trial by jury. Granfinancieira , SA v. Nordberg 492 US 33, 109 S.Ct 2782 (1989).

7. In Granfinanciera, the Court applied a traditional Seventh Amendment analysis and determined that a fraudulent conveyance action is, by tradition, an action at law as to which jury trial rights are constitutionally persevered.

8. Though fraudulent transfer issues are found to be in the core proceeding as defined under 28 USC 157, but it is certainly not dispositive in determining whether a jury trial right attaches. See Beard v. Braunstein, 914 F. 2d 434 (3rd Cir. 1990); In re Harbour, 840 F.2d 1165 (4th Cir. 1988).

9. The Bankruptcy Reform Act of 1994 which added 28 USC §157(e) does confer power on the bankruptcy courts to conduct jury trial however only upon the express permission of the parties. Here the defendants wishes to have their case heard by District Judge.

10. Wherefore, Court is requested under both mandatory or permissive withdrawal of reference to grant this motion.

Dated: August 22, 2009
New York New York

By: *Karamvir dahiya*
Karamvir Dahiya, Esq.