LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
David A. Blansky, Esq.
Shannon Anne Scott, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
---------------------------------------------------------x
In re:

                                                                     Chapter 7

MOHAMMED P. SHAIKH,                     Case No.: 08-72840-AST

       Debtor.
---------------------------------------------------------x
R. KENNETH BARNARD, as Trustee of
the Estate of Mohammed Shaikh,            Adv. Case No.: 09-08315-AST

                  Plaintiff,                   District Court
                                                Case Assigned No. 2:09-mc-00558-JS

    -against-

MOHAMMED ARIF and
LAILUN N. SHAIKH,

                  Defendants,
---------------------------------------------------------x

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE FIRST CLAIM FOR RELIEF**

      R. Kenneth Barnard, as Trustee of the Estate of Mohammed Shaikh (the "Trustee"), by his counsel, LaMonica Herbst & Maniscalco, LLP, respectfully submits this Memorandum of Law in Opposition to the Notice and Motion to dismiss claim for relief (the "Dismissal Motion") of Mohammed Arif and Lailun N. Shaikh (collectively, the "Defendants"), and respectfully states as follows:

      1.       On May 30, 2008 (the "Filing Date"), the Mohammed P. Shaikh (the "Debtor") Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2. By Notice of Appointment, R. Kenneth Barnard, Esq., was appointed the interim Chapter 7 Trustee of the estate and became the permanent Trustee in this case.

**A. The Adversary Proceeding**

3. By a complaint filed on or about August 3, 2009 (the "Complaint"), the Trustee commenced the above-referenced adversary proceeding under 11 U.S.C. §§ 105, 363, 541, 542, 544, 550 and 551, New York State Debtor and Creditor Law § 272, et seq., and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure to recovery property of the estate, which has been wrongfully conveyed to the Defendants.

4. Specifically, the Trustee sought to recover the value of a transfer (the "Transfer") of the Debtor's interest in the real property, known as and located at 94-50 238th Street, Floral Park, New York 11001 (the "Real Property"), which was conveyed to the Defendants for no consideration.

**B. The Motion to Dismiss the Trustee's First Claim for Relief**

5. In the Dismissal Motion, the Defendants seek to dismiss the First Claim for Relief, in which the Trustee requests that the Court enter an order and judgment against the Defendants under §§ 541 and 542 of the Bankruptcy Code: (a) in an amount as yet undetermined, but in no event less than $54,500.00; (b) directing the Defendants to immediately turnover the Debtor's interest in the Real Property; and (c) for a full and complete accounting of the Defendants' use of the Real Property (the "First Claim for Relief").

6. Defendants cite to the Second Circuit for the holding that fraudulently transferred property that the trustee has not yet recovered does not constitute property of the estate under § 541 (a) (1) of the Bankruptcy Code. See ¶ 9 of the Dismissal Motion; FDIC v. Hirsch (In re Colonial Realty Co.), 980 F.2d 125, 131 (2d Cir. 1992). Indeed, this rationale is apparently the

basis for which Defendants request the dismissal of the First Claim for Relief on the grounds that the Trustee has failed to state a claim upon which relief may be granted, under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

7. It is axiomatic that dismissing a plaintiff's complaint at the pleading stage prior to discovery is a drastic remedy that must be applied with substantial caution. The burden falls squarely on the moving party to establish that no set of facts can be proven which would warrant relief on the claims stated. See Rogin v. New York Times Co., 923 F.2d 995, 999 (2d. Cir. 1991) cert denied, 502 U.S. 821, 112 S.Ct. 81 (1993). See also Anyanwu v. Columbia Broad Sys., Inc., 887 F.Supp. 690, 692 (S.D.N.Y. 1995) (observing that Rule 12(b)(6) imposes substantial proof burdens upon the movant). A complaint should not be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)(emphasis added).

8. The court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally" when determining the complaint's sufficiency. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir.2001) citing Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir.2000); In re Maxwell Newspapers, Inc., 189 B.R. 282 (Bankr. S.D.N.Y. 1995). "Courts are especially hesitant to dismiss at the pleading stage claims that may present novel legal theories or where claims could be better examined following development of the facts through discovery." See Baker v. Cuomo, 58 F.3d 814, 818-819 (2d Cir. 1995). In applying these standards, it is readily apparent that dismissal of the Complaint cannot be granted.

9. Under Rule 8(a), which is made applicable to adversary proceedings by Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in asserting a claim the pleader need only set forth a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of the statement is to provide "fair notice" of the claim and "the grounds upon which it rests". Conley, 355 U.S. at 47; In re Enron Corp., 343 B.R. 75, 77 (S.D.N.Y. 2006). The simplicity required by the rule recognizes the ample opportunity afforded for discovery and other pretrial procedures, which permit the parties to obtain more detail as to the basis of the claim and as to the disputed facts. Id. In considering a motion to dismiss, it is not the legal theory but, rather, the factual allegations that matter. Id. Here, what is missing from the Dismissal Motion is any reference to the overwhelming factual allegations asserted in the Complaint. Surely, if the factual allegations are deemed admitted and viewed in a light most favorable to the Trustee, the Dismissal Motion must be denied.

10. The issue presented by a Rule 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Everfresh Beverages, Inc., 238 B.R. 558 (Bankr. S.D.N.Y. 1999), citing Scheuer v. Rhodes, 416 U.S. 232 (1974). To survive a motion to dismiss, a plaintiff only has to allege sufficient facts, not prove them. Koppel v. 4987 Corp., 167 F.3d 125, 133 (2d Cir. 1999); Enron, 343 B.R. at 78. A court's role in ruling on a motion to dismiss is to evaluate the legal feasibility of the complaint, not to undertake to weigh the evidence that may be offered to support it. Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998); Amalgamated Bank of N.Y. v. Marsh, 823 F.Supp. 209, 215 (S.D.N.Y.1993) (quoting Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir.1984)).

11.     In analyzing a motion under Rule 12(b)(6), the court's consideration is limited to the assertions made within the four corners of the complaint, to documents attached to the complaint as exhibits or incorporated in it by reference, matters of which judicial notice may be taken, or documents which the plaintiff had knowledge and relied on in bringing suit. Rothman v. Gregor, 220 F3d 81, 88 (2d Cir. 2000); Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir.1993)(emphasis added).

12.     The Dismissal Motion does not demonstrate and prove that the First Claim for Relief asserted by the Trustee is "fatally flawed," i.e., one upon which no relief could be granted, based upon a wrong for which there is clearly no remedy, or one that the Trustee is without right or power to assert. On the contrary, the Complaint illuminates factual matters that must be further explored through discovery and determined on the merits.

13.     Were it the case that the First Claim for Relief was "fatally flawed", paragraphs "14" through "18" would not have been included in the Dismissal Motion. Instead, through these paragraphs the Defendants attempt to inject into the record facts in inadmissible form (suggesting the existence of question of material fact) and ascribe to the Trustee some nefarious intent beyond fulfilling his fiduciary duties as case trustee[1].

---

[1] The Trustee declines to dignify the aspersions contained in paragraphs "14" and "15", which statements are irrelevant to the merits of the Dismissal Motion, with a response.

**ARGUMENT**

14. Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541(a)(3) defines property of the estate as "[a]ny interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553 or 723 of this title". 11 U.S.C. § 541 (a)(3). "Section 550 authorizes a trustee to recover transferred property for the benefit of the estate to the extent that a transfer is avoided, inter alia, as fraudulent under either 11 U.S.C. § 544 [] or § 548." FDIC v. Hirsch (In re Colonial Realty Co.), 980 F.2d 125, 131 (2d Cir. 1992).

15. Defendants read Colonial to stand for the proposition that fraudulently transferred property is not property of the bankruptcy estate until recovered by the estate. While property the subject of a fraudulent conveyance action may not be property of the estate until avoided and recovered, dismissal of the First Claim for Relief is not necessarily warranted.

16. In the first instance, the Trustee has made factual assertions as to all elements of a claim for turnover in the First Claim for Relief. When these facts are construed in the light most favorable to the Trustee, as they must in determining the Dismissal Motion, the Dismissal Motion must be denied.

17. Secondly, as a practical matter, Defendants have not moved with respect to the Trustee's other claims for relief. Under the Trustee's second through fourth claims for relief, the Trustee seeks to avoid and recovery the value of the Debtor's interest in the Real Property that was transferred to the Defendants. The pendency of the First Claim for Relief will enable the estate to obtain the turnover of the value of that interest without the commencement of a second action arising from an identical nucleus of facts. In that regard, the Trustee's First Claim for Relief merely preserves the recovery of the Transfer for the benefit of the estate. In the same

vein, judicial economy also favors the maintenance of the First Claim for Relief pending a determination of the Trustee's other claims[2].

19. In paragraph "19" of the Dismissal Motion Defendants request the imposition of sanctions and an award of costs. As Defendants have failed to cite to any legal authority for that relief or factual basis for their entitlement to the same, that relief must be denied.

**WHEREFORE**, the Trustee respectfully requests that this Court deny the Dismissal Motion and direct the Defendants to interpose an answer to the Complaint within ten (10) days of the date of entry of an order denying the Dismissal Motion, together with such other, further and different relief as the Court deems just and proper.

Dated: Wantagh, New York
September 2, 2009

          **LAMONICA HERBST & MANISCALCO, LLP**
          Attorneys for the Trustee

      By:  *s/ David A. Blansky*
         David A. Blansky, Esq.
         A Partner of the Firm
         3305 Jerusalem Avenue, Suite 201
         Wantagh, New York 11793
         (516) 826-6500

M:\Documents\Company\Cases\Shaikh, Mohammed\Opposition to the Motion to Dismiss.wpd

---

[2] In the event the Defendants prevail on the Trustee's other claims for relief, it follows that Defendants would be entitled to judgment on the First Claim for Relief as well. As a result, the instant motion merely delays the determination of the estate's claims arising from and relating to the Real Property.