Dahiya Law Offices LLC
350 Broadway
Suite 412
New York, NY 10012
Karamvir S. Dahiya (KD 9738)
Attorney for the Defendants.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**AT CENTRAL ISLIP**
_____

In re:

                                                                               CHAPTER 7

**MOHAMMED P. SHAIKH,**                               Case No.: 08-72840-AST

               **Debtor.**
_____

**R. KENNETH BARNARD,** as Trustee of
The Estate of Mohammer P. Shaikh,        Adv. Pro. No. **09-08315-ast**
               **Plaintiff,**

      -against-

**MOHAMMED ARIF** and                   **ANSWER AND**
**LAILUN N. SHAIKH,**                        **COUNTERCLAIMS**

               **Defendants.**
_____

      Note: It is respectfully submitted that this answer is filed under protest with Bankruptcy Court, since the defendants have the right to have their case adjudicated by an Article III Judge or by a State Court. The issue of adjudication as decided by Hon. Judge J. Seybert is being appealed with the Second Circuit Court of Appeal. Filing of this answer is not voluntary submission to this jurisdiction of the bankruptcy court and is without prejudice to the rights as being asserted in the Appeal.

1

Defendants, Mohammed Arif (hereinafter "Arif") and Lailun N. Shaikh ("Shaikh") (together, "Defendants"), by and through their undersigned attorney, hereby present the following Answer and Counterclaims to Plaintiff's Complaint:

**ANSWER**

1. The first part of Plaintiff's paragraph 1 states a conclusion of law to which Defendants offer no denial or admittance. Defendants specifically deny the second part of this paragraph.

2. Paragraph 2 states a conclusion of law to which Defendants offer no denial or admittance.

3. Paragraph 3 states a improper conclusion of law as state fraudulent actions are not core proceedings as mentioned under 544 of Title 11 .

4. Paragraph 4 states a conclusion of law to which Defendants offer no denial or admittance.

5. Defendants admit the allegations in paragraph 5 to the extent of their knowledge.

6. Defendants admit the allegations in paragraph 6 to the extent of their knowledge.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Paragraph 9 states a conclusion of law to which Defendants offer no denial or admittance.

10. Defendants deny in general the allegations in paragraph 10.

11. Defendants deny in general the allegations in paragraph 11.

12. Defendants offer no answer to this as it is a matter of public record.

13. Defendants deny in general the allegations in paragraph 13.

14. Defendants deny in general the allegations in paragraph 14.

15. Defendants deny in general the allegations in paragraph 15.

16. Defendants deny allegation of paragraph 16.

17. Defendants deny in general the allegations in paragraph 17.

18. Defendants specifically deny the allegations in paragraph 18.

19. Defendants specifically deny the allegations in paragraph 19.

20. Defendants deny in general the allegations in paragraph 20.

21. Defendants deny in general the allegations in paragraph 21.

22. Defendants specifically deny the allegations in paragraph 22.

23. Defendants have insufficient knowledge of the information stated in paragraph 23 to offer a denial or admittance.

24. Defendants specifically deny the allegations in paragraph 24.

25. Defendants deny in general the repeated and realleged allegations in paragraph 25.

26. Defendants deny allegation of paragraph 26.

27. Paragraph 27 allegations are denied.

28. Paragraph 28 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 28.

29. Defendants deny in general the repeated and realleged allegations in paragraph 29.

30. Defendants have insufficient knowledge of the information stated in paragraph 30 to offer a denial or admittance. Furthermore, Defendants deny in general the allegations in paragraph 30.

31. Paragraph 31 states is denied as the plaintiff alleges improper conclusions of law.

32. Paragraph 32 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 32.

33. Paragraph 33 allegations are denied as once again the plaintiffs are speculating wildly without realizing or trying to the know the underlying realities.

34. Defendants deny in general the repeated and realleged allegations in paragraph 34.

35. Defendants have insufficient knowledge of the information stated in paragraph 35 to offer a denial or admittance. Furthermore, Defendants deny in general the allegations in paragraph 35.

36. Paragraph 36 states improper conjectures and ad hominem guestimates as the plaintiff did not do his homework. Debtor received more than his entitlement.

37. Paragraph 37 is denied as the plaintiff once again attempts to reach conclusion of law of which has not foundation in the underlying factual situations.

38. Paragraph 38 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 38.

39. Paragraph 39 states an improper conclusions of law and is without any basis under the underlying facts. Furthermore, Defendants specifically deny the allegations in paragraph 39.

40. Defendants deny in general the repeated and realleged allegations in paragraph 40.

41. Paragraph 41 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 41.

42. Paragraph 42 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 42.

43. Paragraph 43 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 43.

44. Defendants deny in general the repeated and realleged allegations in paragraph 44.

45. Paragraph 45 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 45.

46. Paragraph 46 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 46.

47. Defendants deny in general the repeated and realleged allegations in paragraph 47.

48. Defendants specifically deny the allegations in paragraph 48.

49. Paragraph 49 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 49.

50. Paragraph 50 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 50.

51. Paragraph 51 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 51.

## **AFFIRMATIVE DEFENSES**

### Statement of Facts Applicable to Affirmative Defenses

52. Defendant Shaikh is the mother of Defendant Arif and the Debtor, Mohammed P. Shaikh.

53. Arif and the Debtor together care for their mother and all three live in the same residence.

54. Debtor did not make any payment towards the purchase of the residence and is not an obligor to the note securing the mortgage then and now.

55. Prior to the Debtor's filing for relief under the Bankruptcy Code, Defendants lent the Debtor more than $60,000 for the purpose of developing a business owned by the Debtor.

56. The Debtor was put on the deed to encourage him to be more responsible and to make payments towards his stay in the stay in the house and contribute his share, which he could not do. Since he could not make payments, he asked his name to be taken off the deed.

57. Defendants allowed the Debtor to remain living at the residence (since it is a joint family and culturally a unique family concept of ancient Indian culture) without making any monetary contributions to the mortgage and/or maintenance of the residence.

**First Affirmative Defense**
**(Failure to State a Claim Upon Which Relief Can be Granted)**

Plaintiff's Complaint fails to state a cause of action against Defendants, upon which the relief he seeks can be granted.

**Second Affirmative Defense**
**(Consideration Paid by Defendants)**

Plaintiff's Complaint fails to sufficiently allege a Fraudulent Conveyance because the Debtor received tremendous amount of help in terms of money, assistance and

social help (considerations). There cannot be a fraudulent transfer for something that was received in-gratis by the transferor.

### Third Affirmative Defense
### (Repayment of Debt)

Plaintiff's Complaint fails to sufficiently allege a Fraudulent Conveyance because the Debtor transferred his interest in the deed because he could not make mortgage payments and could not contribute anything to the household and hence out of respect he quit his name from the deed.

### Fourth Affirmative Defense
### (No Interest to the Estate)

Plaintiff's Complaint fails to sufficiently allege a Fraudulent Conveyance because the Debtor's interest in the deed was insufficient as the Debtor did not pay any part of the purchase price nor make any payments towards the mortgage.

### COUNTERCLAIMS

### Allegations Common to All Counterclaims

58. The Plaintiff conducted a Section 341 meeting with the Debtor and therefore had ample time to question Debtor about the transfer of any property outside of the estate.

59. At the 341 meeting, the Plaintiff did not ask any questions regarding the transfer of the Debtor's interest in the deed.

60. Had Plaintiff duly questioned the Debtor regarding said deed, Plaintiff would have discovered that the value of the property is way less than $450,000.

### Violation of Due Process

61. By his failure to question the Debtor about the transfer of his interest in the deed, the Plaintiff has violated the procedure provided in the Bankruptcy Code to protect the interests of a debtor. Thus, the Plaintiff has violated the Debtor's right to due process.

### Harassment and Intimidation

62. By bringing a claim for Fraudulent Conveyance against the Defendants, Plaintiff is acting in a manner to harass and intimidate. Plaintiff's actions are calculated to cause fear in the Defendants and extract money from them based upon that fear.

### Improper Performance of Duty as Trustee

63. Because Plaintiff failed to question Debtor about his interest in the deed at the 341 meeting, Plaintiff did not discover the facts underlying Defendants' Affirmative Defenses. Had Plaintiff done so, he would not have made the false allegations in his Complaint.

64. Plaintiff's failure to question the Debtor about his interest in the deed was an improper performance of his duties as the Trustee.

### Improper Inflation of Value of Property

65. Plaintiff has improperly inflated the value of the property. As stated above, the value of the property is actually way less than $500,000.

### Abuse of Process

66. Plaintiff is resorting to the use of New York state law to circumvent the procedural rules of the Bankruptcy Code and obtain money from the Defendants.

67. Plaintiff's actions are an abuse of process.

## REQUEST FOR LEAVE OF COURT TO PROCEED AGAINST PLAINTIFF ON COUNTERCLAIMS ASSERTED BY DEFENDANTS

68. Defendants hereby respectfully request this Court to grant leave pursuant to the Barton Doctrine to proceed against the Plaintiff on the Counterclaims asserted herein. *Barton v. Barbour*, 104 U.S. 126 (1881).

**WHEREFORE**, Defendants respectfully request as follows:

1. Dismissal of Plaintiff's Complaint and entry of a judgment in Defendants' favor on all counts contained therein;

2. Entry of a judgment in favor of Defendants on all counts contained in their Counterclaims;

3. Granting of leave of court to pursue Defendants' Counterclaims against Plaintiff; and

4. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 19, 2010

                                              Dahiya Law Offices LLC
                                              Attorneys for Defendants

                                              *Karamvir s. dahiya*
By:   _____
                                              Karamvir S. Dahiya
                                              350 Broadway
                                              Suite 412
                                              New York, NY  10012